IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANIL KUMAR | : | CIVIL ACTION |
|  | : |  |
| v. | : | No. 26-4619 |
|  | : |  |
| JOHN RIFE et al. | : |  |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                     **July 6, 2026**

Petitioner Anil Kumar brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Kumar who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Anil Kumar is a 36-year-old citizen of India who entered the United States without inspection on May 13, 2023. Pet. ¶¶ 22, 25, Dkt. No. 1; Dkt. No. 1-3 at 1. On May 15, 2023, he was placed into removal proceedings by DHS officials and then released on an Order of Recognizance. Pet. ¶ 25; Dkt. No. 1-3 at 3. He subsequently filed an application for asylum which remains pending. Pet. ¶¶ 25, 32. Since his arrival, Kumar has worked in Philadelphia, "has never been criminally arrested or apprehended," and "has become a valued member of his community." *Id.* ¶ 32. On July 2, 2026, Immigration and Customs Enforcement (ICE) officials detained Kumar while he was attending a scheduled check-in at the ICE field office. *Id.* ¶¶ 27, 31; Gov't Opp'n 4, Dkt. No. 5. He is currently detained at the Federal Detention Center in Philadelphia. Pet. ¶ 1. He filed this petition on July 2, 2026.

The Government contends Mr. Kumar is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude.  Gov't Opp'n 5-8.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A).  The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here.  Gov't Opp'n 6.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens."  No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025).  Judges in this District have consistently reached the same conclusion.  *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue.  Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'"  *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-*

*Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).[1]  The Second, Sixth, Tenth, and Eleventh

Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the

Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in

the United States after entering the country without inspection and admission, and who were not

apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175

F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026)

(holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and

affirming due process relief requiring individualized bond hearings under § 1226(a)); *Santillan*

*Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026) (concluding "§

1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not

'seeking admission'"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-

76 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into

the United States," not "present aliens not seeking admission.").[2]

None of this appellate authority binds this Court, but the decisions in *Barbosa da Cunha*,

*Lopez-Campos*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in

*Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-

February 2026) have also rejected the government's position."[3]  *Barbosa da Cunha*, 175 F.4th at

---

[1]     A Fifth Circuit panel recently found Due Process allows "the Government [to] detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, __F.4th__, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026).  Regardless, because the Court is granting the petition on statutory grounds, it will not address the Due Process claims.

[2]     The Third Circuit heard oral argument on claims related to this issue on May 11, 2026. *See* Gov't Opp'n 6 n.5.

[3]     This number has grown significantly since *Barbosa da Cunha* was decided.  *See* Kyle Cheney, *Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy*, Politico (June 11, 2026, at 14:04 ET), https://www.politico.com/news/2026/02/18/trump-judges-

71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Kumar] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Kumar's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2023, lived here for over three years, and was detained by ICE in the interior in July 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Kumar's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

immigration-detention-00784614 [https://perma.cc/7JZQ-AXH4] (displaying a database of over 460 judges who have ruled against the new mandatory detention policy).